IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDER ALEXIS CORTES-NICOLAS, filed by next friend Miriam Jiminez Cortez,<br>Petitioner,<br>v.<br>FACILITY ADMINISTRATOR/WARDEN OF NORTHWEST ICE PROCESSING CENTER; *et al.*,[1]<br>Respondents. | No. 2:26-CV-03565-SAB<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; DISMISSING PETITION** |

Before the Court are Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, and Emergency Motion to Preserve Jurisdiction, Require Notice Before Transfer, and Expedite Custody Review (Emergency Motion), ECF No. 2.

[1] Petitioner names several Respondents. The proper respondent for a § 2241 petition is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (citing 28 U.S.C. §§ 2242, 2243). Because Petitioner is currently detained at the Northwest Immigration Processing Center, the proper respondent for this action is the individual in charge of that facility. Accordingly, the Clerk is **DIRECTED** to name Bruce Scott, Warden of the Northwest Immigration Processing Center, as a Respondent in this action.

The Petition and Emergency Motion were filed on behalf of Petitioner by his wife as a "next friend." Petitioner has an existing habeas petition pending before Judge Ricardo S. Martinez, Case No. 2:26-CV-03485-RSM. In that case, the Government filed a status report indicating that Petitioner appeared for an immigration hearing on September 21, 2026, and he was granted pre-conclusion voluntary departure under INA § 240B.[2] That same day, Petitioner was served with a Notice of Imminent Removal.

Petitioner's wife requests the Court accept her filings on Petitioner's behalf as "detention, distance, lack of transportation, caregiving obligations, and practical communication barriers have prevented timely delivery, review, signature, and return of a revised filing." In order to establish "next friend" standing, the proposed filer must meet the following requirements: (1) the "next friend" must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - as to why the real party in interest cannot appear on his own behalf; and (2) the "next friend" must be truly dedicated to the best interests of the person on whose behalf they seek to litigate. *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). As Petitioner has an active habeas petition pending in this District and there is no evidence of incompetence or other incapacity, the Court finds little support for "next friend" standing. Accordingly, the Petition is dismissed for lack of standing.

The Court is also unable to interfere with the timing or execution of a valid order of removal. 8 U.S.C. § 1252(g); *Rauda v. Jennings*, 55 F.4th 773, 776-78 (9th Cir. 2022). Petitioner's Emergency Motion requests, in part, that the Court enjoin respondents from transferring or removing Petitioner while the habeas petition is considered. As there is a valid order of removal against Petitioner, this Court lacks the jurisdiction to grant the requested relief. Further, it appears the

[2] In the alternative, Petitioner was ordered removed to Mexico.

Emergency Motion is unnecessary as to the remaining requests, as jurisdiction over a habeas petition is established at the time of filing, and any later transfer out of the judicial district does not destroy such jurisdiction. *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1989). Accordingly, the Emergency Motion is denied in part for lack of jurisdiction and in part as unnecessary.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED without prejudice**, for lack of standing.

2. Petitioner's Emergency Motion to Preserve Jurisdiction, Require Notice Before Transfer, and Expedite Custody Review, ECF No. 2, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to pro se Petitioner and Respondents, and close the file.

**DATED** this 25th day of September 2026.

Stanley A. Bastian
United States District Judge